FILED'11 FEB 8 15:14USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAVID ALLEN COOK,

        Petitioner,        Civil No. 09-1034-CL

        v.        REPORT AND RECOMMENDATION

MARK NOOTH,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment from the Multnomah County Circuit Court after convictions for three counts of Aggravated Murder. After a jury convicted petitioner, the court imposed consecutive life sentences without the possibility of parole. Exhibit 101.

    Petitioner appealed his convictions and the Oregon Court of Appeals affirmed petitioner's convictions but remanded for

1 - REPORT AND RECOMMENDATION

re-sentencing. The Oregon Supreme Court affirmed in a written opinion. Exhibits 106 - 118.

Petitioner filed a Second Amended Petition for Post-Conviction Relief, Exhibit 119, but the Malhuer County Circuit Court denied relief. Exhibit 161. The Oregon Court of Appeals summarily affirmed the PCR trial court and the Oregon Supreme Court denied review. Exhibits 161 - 167.[1]

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. 2254 alleging that the trial court committed error by 1.) admitting statements of his co-defendants; 2.) denying his motion to suppress statement he made to law enforcement; 3.) admitted evidence of prior bad acts by petitioner; and 4.) refused to allow non-registered voters and felons on his jury panel. Petition (#1) p. 6-8.

Respondent moves to deny relief on the grounds that petitioner's Grounds Two through Four were not fairly presented to the Oregon Supreme Court as required by the doctrine of exhaustion and are now procedurally defaulted, and that Ground One was denied in state court decisions that are entitled to deference by this court and are correct on the merits. Response (#21) p. 1-2.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the

---

[1] Petitioner's PCR claims alleged ineffective assistance of counsel which are not alleged in this proceeding.

2 - REPORT AND RECOMMENDATION

State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal

3 - REPORT AND RECOMMENDATION

constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513

4 - REPORT AND RECOMMENDATION

U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

Plaintiff alleged his claims in Grounds One through Four on direct appeal. Exhibit 106, p. 3. However in his petition for review by the Oregon Supreme Court petitioner alleged only one claim - that the trial court erred by admitting hearsay statements of his co-defendants [Gropund One]. Exhibit 108, p. 3.

Grounds Two - Four were never presented to the Oregon Supreme Court and the time for presenting claims has expired.[2] Petitioner has not alleged any cause or prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, petitioner's Grounds Two - Four are not appropriate for review by this court and should be denied.

In Ground One petitioner alleges that the trial court erred when it admitted statements of his co-defendants. Petition (#1) p. 6. As noted above, petitioner raised this claim on appeal and in his petition for review by the Oregon Supreme Court. The Oregon Supreme Court found that the admission of the co-defendant's statements violated the Sixth

---

[2]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. *See also*, ORAP 9.05(2) (same).

5 - REPORT AND RECOMMENDATION

Amendment, but that the admission of the statements was harmless. Exhibit 116.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing

6 - REPORT AND RECOMMENDATION

law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." <u>Andrade</u>, 538 U.S. at 75.

The <u>Andrade</u> court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment

7 - REPORT AND RECOMMENDATION

that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which

8 - REPORT AND RECOMMENDATION

requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997).

The Oregon Supreme Court considered petitioner's Ground One claim that the trial court erred in admitting the statements of petitioner's co-defendants and concluded:

> The present case is closely analogous to Crawford. Here, the declarants, Gregory and Lewis, made statements while in police custody and in response to police questioning. The statements inculpated Gregory, Lewis, and defendant in a crime and undermined defendant's defense-of-others claim. By asserting their rights against self-

9 - REPORT AND RECOMMENDATION

>incrimination, Gregory and Lewis did not testify at defendant's trial, and the trial court admitted the statements of Gregory and Lewis under the hearsay exception for statements against penal interest. Under *Crawford*, those statements were testimonial because Gregory and Lewis made them while in police custody and in response to police questioning. Thus, although the first requirement for admitting testimonial hearsay under *Crawford* was met, because Gregory and Lewis were unavailable, the second requirement was not met, because defendant had no opportunity to cross-examine Gregory and Lewis. Therefore, admission of their statements violated defendant's Sixth Amendment Confrontation right.

Exhibit 116, p. 8-9.

When a court finds on direct appeal that a federal constitutional error occurred, the violation must be analyzed under the federal harmless error test, and if that test is satisfied, reversal may not be required. *See*, Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Arizona v. Fulminante, 499 U.S. 279, 307-09, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); Harrington v. California, 395 U.S. 250, 253, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).[3]

In petitioner's case, the Oregon Supreme Court made extensive factual findings and concluded that although the admission of the co-defendants' statements violated petitioner's Sixth Amendment rights, the error was

---

[3]The District of Oregon has previously held that the harmless error analysis applies to *Crawford* cases. *See*, Knopp v. Hill, 2005 WL 1389062 (D.Or.) (Judge Marsh) ("The violation of the right to confrontation is subject to a harmless error analysis.")

10 - REPORT AND RECOMMENDATION

"harmless beyond a reasonable doubt." Id. p. 12.

The record reflects that in addition to the statements of petitioner's co-defendants, the prosecution also introduced statements by several of petitioner's acquaintances to the effect that petitioner previously had discussed shooting someone on numerous separate occasions. Several of petitioner's acquaintances further stated that petitioner often spoke of a desire to shoot someone, and one witness testified that, after the murders, Lewis told him that Lewis, Gregory, and defendant intentionally had killed the victims. Id. p. 10 - 11..

The Oregon Supreme Court found that "the prosecution's case, even after disregarding the inadmissible statements, was strong and the defendant's defense of others claim was weak." Id., p. 15.

> Specifically, defendant did not initially assert that he had acted in defense of others. During police interrogation after the crimes, defendant repeatedly claimed that he could not remember what had happened that evening. After further questioning, defendant eventually "remembered" that one of the victims had pointed a gun at Gregory, and in response, defendant began firing. Furthermore, defendant told conflicting versions of the shooting.
>
> * * *
>
> Defendant's defense of other claim also was undermined by his actions after the shooting. Defendant did not report the shooting to police but, instead, attempted to hide his weapon and otherwise cover up his involvement in the shooting.

11 - REPORT AND RECOMMENDATION

Id., p. 12.

The Oregon Supreme Court also found that the physical evidence at the scene of the shooting, the testimony of a firearms expert, and the testimony of a disinterested who had been present in the vicinity "contradicts essential parts of defendant's defense of others theory." Id. The court concluded:

> The physical evidence, which established that defendant's expenditure of 30 rounds of ammunition was not a sudden, unanticipated reaction to events but was instead, a focused and murderous undertaking, was sufficient by itself to scuttle defendant's theory of the case.
>
> Therefore, considering the cumulative nature of the inadmissible statements and the relative strength of the prosecution's case, we conclude, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.

Id.

In Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) the United States Supreme Court held that the proper standard for determining harmless error is "whether the error 'had a substantial and injurious effect or influence in determining the jury verdict.'" (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). That determination must be made "in light of the record as a whole[.]" Id. at 638.

In this case, the Oregon Supreme Court evaluated the record as a whole and found that extensive other

12 - REPORT AND RECOMMENDATION

testimonial, physical and circumstantial evidence contradicted petitioner's theory of the case. The court further found that in view the relative strength of the prosecutions case the constitutional error in admitting the cumulative inadmissible statements was harmless "beyond a reasonable doubt." The Oregon Supreme Court decision was not contrary to or an unreasonable application of *Chapman* or *Brecht* and is therefore entitled to deference by this court. In addition, I find that in view of the other overwhelming evidence of petitioner's guilt, the Oregon Supreme Court decision that the constitutional error was harmless is supported by the record before this court and correct on the merits.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

13 - REPORT AND RECOMMENDATION

objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 8 day of February, 2011.

_____
Mark D. Clarke
United States Magistrate Judge